UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CIVIL STANDING ORDERS FOR MAGISTRATE JUDGE JOSEPH C. SPERO
(Revised November 15, 2010)

The parties shall follow the General Orders of the Court for the Northern District of California, the Local Rules, and the Federal Rules of Civil Procedure, except as expressly modified herein. Failure to comply with any of the rules and orders may be deemed sufficient grounds for monetary sanctions, dismissal, entry of default judgment, or other appropriate sanctions.

**A. STANDING ORDER RE CALENDAR AND CONFERENCES**

1. Civil Law and Motion is heard on Fridays at 9:30 a.m. Counsel need not reserve a hearing date in advance for civil motions. However, noticed dates may be reset as the Court's calendar requires.

2. Criminal Law and Motion is heard on Fridays at 10:30 a.m.

3. Case Management Conferences and Pretrial Conference are heard on Fridays at 1:30 p.m. Case Management Conferences are no longer recorded unless requested by counsel or in cases where at least one party appears pro se. Requests to appear telephonically at case management conferences must be filed and served one (1) week before the conference in accordance with Civil L.R. 16-10(a).

4. In cases that are randomly assigned to Judge Spero for all purposes, a Consent to Proceed before a U.S. Magistrate Judge and a Declination to Proceed before a U.S. Magistrate Judge and a Request for Reassignment to a United States District Judge forms will be mailed to all parties. The parties are requested, within two (2) weeks from receipt of the form, to complete and file the form indicating their consent or request for reassignment to a District Judge.

5. Parties with questions regarding all scheduling should be addressed to Judge Spero's courtroom deputy, Karen Hom at (415) 522-2035.

6. In all "E-Filing" cases, when filing papers that require the Court to take any action (i.e. motions, meet and confer letters, administrative requests), the parties shall, in addition to filing papers electronically, lodge with chambers a printed copy of the papers on three-hold punch paper (including all exhibits) by the close of the next court day following the day the papers are filed electronically. **These printed copies shall be marked "JCS Chambers Copy" and shall be submitted to the**

1  Clerk's Office in an envelope clearly marked with the case number, "Magistrate Judge Joseph C.
2  Spero", and "E-filing Chambers Copy." Parties shall not file a paper copy of any document with
3  the Clerk's office that has already been filed electronically.

4      7.    Any proposed stipulation or proposed order in a case subject to electronic filing shall be
5  sent by mail to jcspo@cand.uscourts.gov. This address is to be used only for proposed orders unless
6  otherwise directed by the Court.

7      **B.**    **STANDING ORDER ON DISCOVERY DISPUTES**

8      8.    In lieu of filing formal discovery motions, lead trial counsel for Plaintiff(s) and lead trial
9  counsel for Defendant(s) shall meet and confer **in person** regarding the subject matter of the Motion(s)
10  in an effort to resolve these matters. After attempting other means to confer on the issue (i.e. letter,
11  phone call, e-mail) any party may demand such a meeting on ten (10) business days' notice. The
12  location of the meeting will alternate with the first location selected by counsel for Plaintiff, the second
13  by counsel for Defendant, etc. Within five (5) business days of the lead trial counsels' meet-and-confer
14  session, the parties shall provide a detailed Joint Letter to the Court, not to exceed ten (10) pages
15  without leave of Court. This Joint Letter shall include a description of every issue in dispute and, with
16  respect to each such issue, a detailed summary of each party's final substantive position and their final
17  proposed compromise on each issue. Upon receipt of the Joint Letter the Court will determine what
18  future proceedings are necessary.

19      9.    As soon as a party has notice of this order, the party shall take such affirmative steps as
20  are necessary to preserve evidence related to the issues presented by the action, including, without
21  limitation, interdiction of any document destruction programs and any ongoing erasures of emails, voice
22  mails, and other electronically recorded material to the extent necessary to preserve information relevant
23  to the issues presented by this action.

24      10.    In responding to requests for documents and materials under Fed. R. Civ. P. 34, all
25  parties shall affirmatively state in a written response served on all other parties the full extent to which
26  they will produce materials and shall, promptly after the production, confirm in writing that they have
27  produced *all* such materials so described that are locatable after a diligent search of *all* locations at
28  which such materials might plausibly exist. It shall not be sufficient to object and/or to state that

1  "responsive" materials will be or have been produced.

2      11.    In searching for responsive materials in connection with Fed. R. Civ. P. 34 requests or for materials required to be disclosed under Fed. R. Civ. P. 26(a)(1), parties must search computerized files, emails, voice mails, work files, desk files, calendars and diaries, and any other locations and sources if materials of the type to be produced might plausibly be expected to be found there.

    12.    To the maximum extent feasible, all party files and record should be retained and produced in their original form and sequence, including file folders, and the originals should remain available for inspection by any counsel on reasonable notice.

    13.    Except for good cause, no item will be received in evidence if the proponent failed to produce it in the face of a reasonable and proper discovery request covering the item, regardless of whether a motion to overrule any objection thereto was made.

    14.    Privilege logs shall be promptly provided and must be sufficiently detailed and informative to justify the privilege. *See* Fed. R. Civl P. 26(b)(5). No generalized claims of privilege or work product protection shall be permitted. With respect to each communication for which a claim of privilege or work product is made, the asserting party must at the time of its assertion identify: (a) all persons making and receiving the privileged or protected communication. (b) the steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized persons have received the communication, (c) the date of the communication, and (d) the subject matter of the communication. Failure to furnish this information at the time of the assertion will be deemed a waiver of the privilege or protection.

### DEPOSITIONS

    15.    Absent extraordinary circumstances, counsel shall consult in advance with opposing counsel and unrepresented proposed deponents to schedule depositions at mutually convenient times and places. Where an agreement cannot be reached as to any party deponent or a deponent represented by counsel of record, the following procedure may be invoked by the party seeking any such deposition. The party seeking such a deposition may notice it at least thirty (30) days in advance. If the noticed date and place is unacceptable to the deponent or the deponent's counsel, then within ten (10) days or receipt of the notice, the deponent or counsel form the deponent must reply and counter-propose in writing an

alternative date and place falling within thirty (30) days of the date noticed by the party seeking the deposition.

16. Counsel and parties shall comply with Fed. R. Civ. P. 30(d)(1). Deposition objections must be as to privilege or form only. Speaking objections are prohibited. When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information is itself privileged. Private conferences between deponents and attorneys in the course of interrogation, including a line of related questions, are improper and prohibited except for the sole purpose of determining whether a privilege should be asserted.

C.     **STANDING ORDER ON MOTIONS FOR SUMMARY JUDGMENT**

17. Motions for summary judgment shall be accompanied by a joint statement of the material facts not in dispute by citations to admissible evidence. The parties shall file a joint statement of undisputed facts. If the parties are unable to reach complete agreement after meeting and conferring, they shall file a joint statement of the undisputed facts about which they do agree. Separate statements of undisputed facts shall not be filed and will not be considered by the Court.

D.     **SANCTIONS**

18. Failure to comply with this Order of the Local Rules of this Court may result in sanctions. *See* Fed. R. Civ. P. 16(f), Civil L.R. 1-4.

Dated: November 15, 2010

JOSEPH C. SPERO
United States Magistrate Judge